IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSEPH A. JOHNSON,

                Petitioner,          OPINION AND ORDER

v.

                                                    23-cv-369-wmc

LANCE WIERSMA,

                Respondent.

---

Petitioner Joseph A. Johnson, a former Wisconsin state prisoner who is currently on extended supervision and representing himself, petitions this court for habeas review under 28 U.S.C. § 2254 of a judgment of conviction from Dunn County, Wisconsin. (Dkt. #1.) After the respondent filed an answer to the petition (dkt. #7), Johnson filed a one-page motion to stay this case to allow him to return to state court and pursue an additional claim for ineffective assistance of counsel against his postconviction attorney. (Dkt. #12.) The respondent opposed that motion, noting that Johnson has not met any of the governing criteria for a stay found in *Rhines v. Weber*, 544 U.S. 269 (2005). This apparently prompted Johnson to move to voluntarily dismiss his case without prejudice under Fed. R. Civ. P. 41(a)(2). (Dkt. #15, at 4.) For the reasons explained below, the court must deny both of Johnson's motions.

BACKGROUND[1]

Johnson was convicted pursuant to a plea of no contest in Dunn County Circuit

---

[1] The following facts are taken from the petition, the state court of appeals' decision affirming the petitioner's state conviction, and publicly available state court records. *See* Wisconsin Court System Case Search, https://wcca.wicourts.gov (last accessed Sept. 25, 2024).

Court Case No. 2016CF357, then sentenced on February 12, 2019, to four years in prison followed by five years of extended supervision for possessing child pornography. The Wisconsin Court of Appeals affirmed the conviction and sentence on February 15, 2022. *State v. Johnson*, 2022 WI App 13, 973 N.W.2d 14, 2022 WL 453582 (rejecting Johnson's appeal from the circuit court's judgment of conviction and denying his postconviction motion). Finally, the Wisconsin Supreme Court denied review on May 18, 2022. *State v. Johnson*, 2022 WI 99, 995 N.W.2d 470. Johnson's conviction then became final on August 16, 2022, when his time expired to file a petition for a writ of certiorari in the United States Supreme Court.

In his petition to this court dated May 30, 2023, Johnson claims that he is entitled to federal habeas corpus relief because: (1) the circuit court erred by denying his motion to suppress evidence derived from compelled statements to his probation agent; (2) the state withheld exculpatory evidence in the form of his probation agent's logbook; and (3) his trial counsel was ineffective for failing "to investigate the facts of the [s]tate's case and to inform [Johnson] of those facts" before he entered his no-contest plea. (Dkt. #1, 4-7.) Noting that each of these issues were properly rejected on the merits by the Wisconsin Court of Appeals, respondent argues that Johnson is not entitled to relief under 28 U.S.C. § 2254. (Dkt. #7.) Despite having granted two extensions of time to reply, however, Johnson has not filed a reply brief. (Dkt #9, #11.)

Instead, as already stated, Johnson now seeks a stay of this case, holding in abeyance any merits review while he returns to state court to pursue an additional claim of ineffective-assistance against his postconviction counsel. (Dkt. #12.) Alternatively, he

asks the court to dismiss this case without prejudice under Fed. R. Civ. P. 41(a)(2). (Dkt. #15.)

OPINION

**I. Motion to Stay**

Generally, this court has the discretion to issue stays in federal habeas corpus proceedings involving "mixed" petitions, which contain both exhausted and unexhausted claims. However, the Supreme Court has held that an exercise of that discretion must be compatible with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Rhines v. Weber*, 544 U.S. 269, 276 (2005). One of AEDPA's purposes is to reduce delays, while another purpose is to promote the finality of state court judgments. *Id*. Because staying a federal habeas proceeding has the potential to frustrate both purposes, the Supreme Court has emphasized that "stay and abeyance should be available only in limited circumstances." *Id*. at 277. In particular, *Rhines* instructs that a court may grant a stay and abeyance *only* when the petitioner demonstrates good cause for failing to exhaust his claims first in state court and shows that the unexhausted claims have some possible merit. *Id*. at 277-78. If the record demonstrates abusive litigation conduct or intentional delay by the petitioner, the Supreme Court instructs that a stay should *not* be granted. *Id*. at 278.

Because Johnson's current petition advances only claims that have been exhausted in state court (dkt. #1), it is not a "mixed" petition. Moreover, even if Johnson's petition

3

was a mixed petition, he does not attempt to meet the criteria for a stay under *Rhines*, and the record discloses no basis for delaying this case further.

*First*, Johnson offers no explanation for his failure to raise an ineffective-assistance claim involving his post-conviction counsel before seeking federal relief.  To the extent that he relies on his status as a *pro se* litigant, this is insufficient to serve as good cause under *Rhines*.  *Yeoman v. Pollard*, 875 F.3d 832, 838 (7th Cir. 2017) (allowing circumstances common to all *pro se* prisoners to establish good cause would undermine *Rhines*' directive that a stay and abeyance should be available in limited circumstances); *Brown v. Gaetz*, No. 10C1463, 2015 WL 1976366, at *7 (N.D. Ill. May 1, 2015) ("The mere fact that a prisoner acting *pro se* is incarcerated and lacks legal knowledge is insufficient to demonstrate good cause [for a stay under *Rhines*].").

*Second*, and as telling, Johnson does not articulate facts demonstrating he has a potentially meritorious claim against his postconviction counsel.  To the extent that he now seeks to raise previously litigated issues with the additional argument that his postconviction counsel presented them in an ineffective manner, the state courts will almost certainly reject this claim as procedurally barred.  In Wisconsin, "[a] matter once litigated may not be relitigated in a subsequent postconviction proceeding no matter how artfully the defendant may rephrase the issue." *State v. Witkowski*, 163 Wis. 2d 985, 473 N.W.2d 512, 514 (Ct. App. 1991).  Similarly, Johnson does not otherwise allege *any* facts showing that his postconviction counsel was ineffective, or that but for the allegedly deficient performance, the result of his proceeding would have been different.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

*Third*, the record reflects that Johnson intentionally delayed this case by seeking two extensions of time to file a brief in reply to respondent's answer. (Dkt. #8, #10.) Even after he was expressly warned that no further extensions would be granted in the absence of "extraordinarily good cause" shown (dkt. #11), Johnson waited until the last day of his second extension to seek a stay. (Dkt. #12.) Because Johnson has failed to establish good cause for his failure to exhaust or a potentially meritorious claim, his intentional delay is just one more reason to deny the requested stay. Accordingly, Johnson's motion for a stay will be denied.

## II. Motion for Voluntary Dismissal

The court will also deny Johnson's motion to dismiss this case voluntarily without prejudice under Federal Rule of Civil Procedure 41(a)(2). (Dkt. #15, at 1.) The Wisconsin Attorney General representing the respondent has already expended effort and resources to answer the petition and respond to Johnson's request for a stay. (Dkt. #7, #14.) As a result, respondent would be prejudiced by allowing the dismissal after having briefed the merits of Johnson's claims.

Regardless, if dismissed, the one-year statute of limitations governing Johnson's ability to pursue federal habeas corpus relief would have expired. 28 U.S.C. § 2244(d)(1)(A); *Anderson v. Litscher*, 281 F.3d 672, 674-675 (7th Cir. 2002) (the one-year statute of limitations begins to run under § 2244(d)(1)(A) at the expiration of the 90-day period in which the prisoner could have filed a petition for a writ of certiorari with the United States Supreme Court). As noted above, Johnson's conviction became final on August 16, 2022, meaning that his statute of limitations expired one year later. Since the

time that Johnson's petition has been pending before this court will not toll or extend that limitations period, *Duncan v. Walker*, 533 U.S. 167, 181 (2001), any dismissal at this point would preclude Johnson from pursuing federal relief. For these reasons, the court will deny Johnson's motion for voluntary dismissal.

## ORDER

IT IS ORDERED that:

1) Petitioner Joseph A. Johnson's motion to stay and abate the case (dkt. #12) is DENIED.

2) Petitioner's motion for voluntary dismissal (dkt. #15) is also DENIED.

3) The court will grant petitioner one last extension of time, up to and including thirty days from the date of this order, to file a brief in reply to the respondent's answer. No further extensions will be granted. Petitioner is WARNED that if he fails to file a brief in reply within the time allowed, the court may dismiss this proceeding with prejudice for want of prosecution under Fed. R. Civ. P. 41(b).

Entered this 6th day of November, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge